### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLENWOOD SYSTEMS, LLC : | |
| Plaintiff : | Case No. 3:09 CV 956 (WWE) |
| : | |
| vs. : | |
| : | |
| MED-PRO IDEAL SOLUTIONS, INC.; : | |
| MED-PRO HEALTH CARE SERVICES : | |
| PRIVATE LIMITED; G. JAI BALAJI; : | |
| N.S. RAJIV KUMAR; K. SIVAKUMAR : | |
| AND VENKATARAGHAVANTAIYAR : | |
| ARAVAMUDHAN, : | |
| Defendants : | SEPTEMBER 29, 2009 |

### MEMORANDUM OF LAW IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AS TO MED-PRO HEALTH CARE SERVICES LIMITED, G. JAI BALAJI, N.S. RAJIV KUMAR AND K. SIVA KUMAR

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, defendants Med-Pro Health Care Services Private Limited ("Med-Pro Private Limited"), G. Jai Balaji, N.S. Rajiv Kumar and K. Siva Kumar (collectively, the "Indian Defendants") hereby respectfully move to dismiss this action, because as set forth below, this court lacks personal jurisdiction over them.

Specifically, plaintiff Glenwood Systems, LLC ("Glenwood") cannot establish that the Indian Defendants are subject to personal jurisdiction under Connecticut's long-

arm statute or satisfy any of the elements of personal jurisdiction under Conn. Gen. Stat. § 52-59b(a), because Glenwood does not allege and cannot show that the Indian Defendants:

> (1) Transact any business within the state; (2) committed a tortious act within the state; (3) committed a tortious act outside the state causing injury to person or property within the state and that they (A) regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in the state, or (B) expect or should reasonably expect the act to have consequences in the state and derive substantial revenue from interstate or international commerce; (4) own, use or possess any real property situated within the state; or (5) use a computer . . . or a computer network . . . located within the state. (emphasis added).

In addition, Glenwood is unable to satisfy its burden of showing that the exercise of jurisdiction over the Indian Defendants by this court would be consistent with constitutional due process requirements, because the Indian Defendants lack sufficient minimum contacts with Connecticut to support the exercise of personal jurisdiction over them, and exercising jurisdiction over them would be unreasonable in the circumstances of this case.

**BACKGROUND**

The parties to this litigation all perform medical billing services for physician practice groups located in the United States. Glenwood is a Connecticut company that handles billing for physicians in Connecticut and elsewhere in the United States. Co-defendants Venkataraghavantaiyar Aravamudhan ("Venkat") and his company, Med-Pro Ideal Solutions, Inc. ("Med-Pro US"), are based in California and also provide billing services for physicians in the United States. Defendants G. Jai Balaji, N.S. Rajiv Kumar and K. Siva Kumar, all residents of the Republic of India (the "Individual Indian Defendants") are directors and employees of defendant Med-Pro Private Limited, a business entity formed and existing under the laws of India. As set forth below, Med-Pro US and Med-Pro Private Limited are wholly unrelated entities.

**1.**   *The Allegations of Plaintiff's Complaint*

In its Complaint, Glenwood claims that several employees of "a sister company" to the plaintiff, L Cube Mirco, located in Chennai, India, wrongfully obtained Glenwood's proprietary business information through their employment with L Cube. The complaint alleges that these individuals formed another Indian corporation, Med-Pro Private Limited, which purportedly "used the confidential and proprietary information gained from their employment with L Cube to interfere with the business relationship

3

between the plaintiff" and various physicians, in some unspecified way. Glenwood's complaint fails to disclose the nature of the purported proprietary business information or the basis for its claim that the information is confidential. Glenwood also does not allege how the defendants used the purportedly confidential information, nor does it allege how the defendants' alleged misconduct was wrongful. What is clear from Glenwood's complaint is that the alleged wrongful conduct of the Indian Defendants, which is denied, purportedly occurred in the Republic of India and bears no relationship to Connecticut.

2. *Med-Pro Private Limited and Individual Indian Defendants Lack Minimum Contacts with the State of Connecticut*

As the plaintiff Glenwood states in its complaint, the Indian Defendants perform in India certain "back office" aspects of medical billing. Med-Pro Private Limited is a corporation organized and existing under the laws of the Republic of India and was founded in June, 2008. Affidavit of Jai Balaji ("Balaji Aff.") at ¶ 4 (attached hereto at **Exhibit A**); Affidavit of K. Siva Kumar ("KS Kumar Aff.") at ¶ 4 (attached hereto at **Exhibit B**); Affidavit of N.S. Rajiv Kumar Affidavit ("NSR Kumar Aff.") at ¶ 4 (attached hereto at **Exhibit C**); Affidavit of Jai Balaji, on behalf of Med-Pro Private Limited ("Med-Pro Private Limited Aff.") at ¶ 5 (attached hereto at **Exhibit D**). In August, 2008, co-defendant Venkataraghavantaiyar Aravamudhan ("Venkat") traveled to India where the Individual Indian Defendants met with him to discuss the possibility of a

business opportunity in medical billing.  Balaji Aff. at ¶ 6; KS Kumar Aff. at ¶ 6; NSR Kumar Aff. at ¶ 6; Med-Pro Private Limited Aff. at ¶ 7.  As a result of this meeting and discussions, Venkat agreed to outsource some of his US billing work to Med-Pro Private Limited.  Id.

As a result, Med-Pro US, a California corporation wholly owned by Venkat and completely separate from and independent of Med-Pro Private Limited, outsourced certain medical billing work for its clients (includes two clients in Connecticut) to Med-Pro Private Limited.  Balaji Aff. at ¶ 7; KS Kumar Aff. at ¶ 7; NSR Kumar Aff. at ¶ 7; Med-Pro Private Limited Aff. at ¶ 8.  This outsourced work was to be performed by employees of Med-Pro Private Limited at its location in Chennai, Republic of India.  Id.

Other than work Med-Pro US assigned to Med-Pro Private Limited, none of the Individual Indian Defendants nor Med-Pro Private Limited have had any direct business contracts or arrangements with any clients in the United States.  Balaji Aff. at ¶ 8; KS Kumar Aff. at ¶ 8; NSR Kumar Aff. at ¶ 8; Med-Pro Private Limited Aff. at ¶ 9.  No owners, directors or employees of Med-Pro Private Limited, including without limitation the Individual Indian Defendants, have ever traveled to Connecticut, and such persons have never engaged in any business development efforts in Connecticut through the use of advertising, telephone communication, internet or any other mode of communication

or advertising. Balaji Aff. at ¶ 9; KS Kumar Aff. at ¶ 9; NSR Kumar Aff. at ¶ 9; Med-Pro Private Limited Aff. at ¶ 10.

Each of the Individual Indian Defendants has only conducted telephone calls and electronic communications with clients in Connecticut in their position as an employee/officer of Med-Pro Private Limited and only for the purpose of handling billing issues with existing clients referred by Med-Pro US to Med-Pro Private Limited. Balaji Aff. at ¶ 10; KS Kumar Aff. at ¶ 10; NSR Kumar Aff. at ¶ 10. Med-Pro Private Limited's communications with individuals in Connecticut have been solely for the purpose of handling billing issues with existing clients referred by Med-Pro US. Med-Pro Private Limited Aff. at ¶ 11.

The Individual Indian Defendants and Med-Pro Private Limited did not breach any contract with any previous Indian employer, and they did not at any time contact any clients of Glenwood Systems, LLC for purposes of recruiting them as clients. Balaji Aff. at ¶ 11; KS Kumar Aff. at ¶ 11; NSR Kumar Aff. at ¶ 11; Med-Pro Private Limited Aff. at ¶ 12. Moreover, the Individual Indian Defendants and Med-Pro Private Limited have never possessed, copied or used any confidential business information belonging to L Cube Innovative Solutions Private Ltd, Glenwood Micro Systems Private Ltd or Glenwood Systems, LLC. Balaji Aff. at ¶ 12; KS Kumar Aff. at ¶ 12; NSR Kumar Aff.

at ¶ 12; Med-Pro Private Limited Aff. at ¶ 13.  The Indian Defendants do not and have never owned or leased any real estate or personal property in Connecticut, do not have bank accounts, a telephone, agents, or any computer networks or computers in Connecticut.  Balaji Aff. at ¶¶ 13, 14; KS Kumar Aff. at ¶¶ 13, 14; NSR Kumar Aff. at ¶¶ 13, 14; Med-Pro Private Limited Aff. at ¶¶ 14, 15.  Med-Pro US provided a voice-over internet service with an 860 area code for its clients to contact Med-Pro Private Limited for billing inquiries.  Balaji Aff. at ¶¶ 14; KS Kumar Aff. at ¶¶ 14; NSR Kumar Aff. at ¶¶ 14; Med-Pro Private Limited Aff. at ¶¶ 15.

The Indian Defendants have never filed suit or been sued in Connecticut, except for this lawsuit, have never employed anyone in Connecticut, have not transacted business in Connecticut or purchased or sold goods and services in Connecticut.  Balaji Aff. at ¶¶ 15-17; KS Kumar Aff. at ¶¶ 15-17; NSR Kumar Aff. at ¶¶ 15-17; Med-Pro Private Limited Aff. at ¶¶ 16-18.  Moreover, Med-Pro Private Limited's and all of the Individual Indian Defendants' work is conducted in India and all of their income is earned from activities in India.  Balaji Aff. at ¶¶ 17, 18; KS Kumar Aff. at ¶¶ 17, 18; NSR Kumar Aff. at ¶¶ 17, 18; Med-Pro Private Limited Aff. at ¶¶ 18, 19.

Finally, the Indian Defendants never expected to be sued in Connecticut since all of their activities are conducted in India and the Individual Indian Defendants have not

7

traveled outside of India to visit any clients or conduct any business with or for them in Connecticut or elsewhere. Balaji Aff. at ¶ 19; KS Kumar Aff. at ¶ 19; NSR Kumar Aff. at ¶ 19; Med-Pro Private Limited Aff. at ¶ 20. In light of its great distance from India, the defense of this lawsuit in Connecticut will be, an already has been, inconvenient and unduly burdensome in terms of time and expense for all the Indian Defendants. Balaji Aff. at ¶ 20; KS Kumar Aff. at ¶ 20; NSR Kumar Aff. at ¶ 20; Med-Pro Private Limited Aff. at ¶ 21.

## LEGAL STANDARD

The Indian Defendants move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). When personal jurisdiction is challenged, the plaintiff bears the burden of proving the existence of jurisdiction over the moving defendants. See Hayes Constr. Co. v. Int'l Fid. Inc. Co., No. 03CV1669, 2004 WL 1498119 at 2 (D. Conn. June 23, 2004).

To determine whether personal jurisdiction exists, the Court must conduct a two-part inquiry: first, whether jurisdiction exists under Connecticut law and second, whether exercise of personal jurisdiction over the Indian Defendants comports with principles of due process. See Grand River Enterprises Six Nations, Ltd. V. Pryor, 425 F.3d 158, 165

(2d Cir. 2005). For the following reasons, there is no jurisdiction over the Indian Defendants under Connecticut law because they are not within the scope of Connecticut's long-arm statute, and exercising jurisdiction over the Indian Defendants would not comport with constitutional notions of due process.

## ARGUMENT

**A.**  *The Indian Defendants Are Not Subject to Jurisdiction Under Connecticut's Long-Arm Statute*

Connecticut General Statutes § 52-59b(a) governs the exercise of jurisdiction over nonresidents of the state. Under this statute, personal jurisdiction over a nonresident individual exits if the individual or his agent: (1) Transacts any business within the state; (2) committed a tortious act within the state; (3) committed a tortious act outside the state causing injury to person or property within the state and that they (A) regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in the state, or (B) expect or should reasonably expect the act to have consequences in the state and derive substantial revenue from interstate or international commerce; (4) own, use or possess any real property situated within the state; or (5) use a computer . . . or a computer network . . .

located within the state. As to the Indian Defendants, these statutory requirements are not satisfied.

In this matter, and as reflected in the appended affidavits and as described above, the Indian Defendants do not transact any business in Connecticut. Moreover, they have not committed any tort in Connecticut nor does the Complaint allege that they have done so. Furthermore, they have not committed any tortious act outside of Connecticut which harmed anyone in Connecticut. Even if such an act and harm could be shown, the attached affidavits make clear that the Indian Defendants do not regularly do or solicit business in Connecticut, or engage in any other persistent course of conduct, or derive substantial revenue from services rendered in the state, nor do the Indian Defendants have any reasonable expectation that their activities would have consequences in Connecticut, nor do they own, use or possess real properly in Connecticut or use a computer or computer network within Connecticut. As a result, the Indian Defendants are not subject to personal jurisdiction under Conn. Gen. Stat. § 52-59b.

In addition, and as to the Individual Indian Defendants, all of their purported actions were performed in their capacity as officers of Med-Pro Private Limited. As a result, the Individual Indian Defendants are outside the scope of the long-arm statute because of the "fiduciary shield" doctrine, under which "personal jurisdiction may not be

10

asserted over [an officer] of a corporation based on [his] transaction of business in Connecticut where the [officer] did not transact any business other than through the corporation . . ." Milne v. Catuogno Court Reporting Servs., Inc., 239 F. Supp. 2d 195, 203 (D. Conn. 202) (quoting Adams v. Wex, 56 F. Supp. 2d 227, 229 (D. Conn. 1999)).

### B. *The Exercise of Personal Jurisdiction Over The Indian Defendants Would Not Satisfy Constitutional Minimum Contacts*

Even if Glenwood could meet its burden of demonstrating that the requirements of Connecticut's long-arm statute were met as to the Indian Defendants, which it cannot, Glenwood also cannot demonstrate that exercising jurisdiction over them would comport with constitutional notions of due process.

The constitutional due process analysis in this context consists of two components: (1) whether the defendant has "minimum contacts" with the forum state and (2) whether exercise of jurisdiction is reasonable under the circumstances of the particular case. See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 127-39 (2d Cir. 2002). "Minimum contacts" are established when a defendant "purposely avails himself of the privileges and benefits" of the forum state. Hanson v. Denckla, 357 U.S. 235, 253 (1958). The purposeful availment requirement protects defendants from being haled into court based on "random, fortuitous or attenuated contacts," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985), and assures that

11

they have "fair warning" that their conduct could subject them to suit in the forum state. See Bensmiller v. E.I. DuPont de Nemours & Co., 47 F.3d 79, 85 (2d Cir. 1995) ("[P]urposeful conduct provides a defendant with 'fair warning' that he and his property may be subject to the exercise of that forum state's power."); see also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (defendant subject to jurisdiction only where their "conduct and connection with the forum state [is] such that [they] should reasonably anticipate being haled into court here."). This inquiry allows the Court to determine whether its exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

> **1.** *The Indian Defendants Do Not Have Any Contacts With Connecticut, Much Less Minimum Contacts, Because They Have Never Availed Themselves Of The Privileges And Benefits Of Conducting Business In Connecticut*

The affidavits filed in support of this motion show that the Indian Defendants have never set foot in Connecticut and have never maintained a telephone, bank accounts, employees, an address, an office, owned any real property, owned any personal property, owned or used a computer network in Connecticut, made telephone calls to anyone in Connecticut, filed suit against anyone in Connecticut or registered to do business in this state. As a result, the Indian Defendants do not have "minimum contacts" with

Connecticut as a matter of law, such that exercising jurisdiction over them would comport with due process.

### 2. *The Asahi Metal Test Demonstrates That Connecticut Would Be A Constitutionally Unreasonable Forum*

A defendant may assert that the exercise of personal jurisdiction in a particular forum is unreasonable under the circumstances. Broad. Mktg. Int'l. Ltd v. Prosource Sales & Mktg., Inc., 345 F. Supp. 2d 1053 (D. Conn. 2004). The United States Supreme Court has identified five factors to be considered in evaluating the reasonableness and fairness of exercising jurisdiction: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interest of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenience and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. See Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 113 91987).

The appended affidavits demonstrate that the five factors of the Asahi Metal test are satisfied, and that the exercise of personal jurisdiction over them would be unreasonable and unfair as a matter of law. Addressing each of these factors in order, Connecticut is clearly a highly inconvenient forum for them, in that the Indian Defendants have no ties to Connecticut and would be put to great expense, undue burden

13

and inconvenience to defend a lawsuit many thousands of miles from their place of residence.

Moreover, while plaintiff is a Connecticut limited liability company, the Indian Defendants are all Indian residents or an Indian corporation doing business in India. The other two defendants are a California citizen and a California corporation residing and doing business in California, respectively. The weight of this factor indicates that India has more contacts with a majority of the parties.

As for the party and non-party witnesses, including the physician practices which Glenwood claims Med-Pro Private Limited took from them, four are in California; five are in Maryland; four are in India and only three in Connecticut, including plaintiff.

For the same reasons, convenient and effective relief would be more likely had in another state. In addition, it cannot be said that effective relief could not be had elsewhere.[1]

This reasoning also applies to the fourth element of the Asahi test: the interstate judicial system's interest in resolving the matter most efficiently. The claims against the Indian Defendants would be most efficiently tried in India under Indian law.

---

[1] The Court should note the arguments in co-defendants' Motion to Dismiss under Rule 12(b)(6) which indicates that Indian law applies and that most of the relevant actions and parties took place and/or are located in India.

14

Even if Glenwood is able to show some tangiential contacts between the Indian Defendants and Connecticut, it is imperative that Glenwood present a compelling case for "reasonableness" based upon the Asahi factors for the Court to exercise jurisdiction. Milne v. Catuogno Court Reporting Services, Inc., 239 F. Supp. 2d 195, 198-88 (D. Conn. 202) (explaining that the term "transacting business" is not broadly interpreted in Connecticut and that various activities are specifically excluded from the meaning). Here, it would not be reasonable or consistent with traditional notions of fair play and substantial justice for the Court to exercise jurisdiction over the Indian Defendants. The burden and expense on the Indian Defendants if compelled to litigate in Connecticut would be significant. Moreover, the Indian Defendants had no idea, let alone any reasonable expectation, that their work in Chennai, India, on behalf of clients referred to them by Med-Pro US, would subject them to suit in Connecticut.

In light of the foregoing, even if the Court finds that the Indian Defendants are subject to suit under Connecticut's long-arm statute, their motion to dismiss should still be granted. Thus, in Neato, Inc. v. Great Gizmos, 2000 WL 305959, at *3 (D.Conn. Feb. 24, 2000), the District Court found that long-arm jurisdiction existed over a foreign corporation, but nonetheless dismissed the Complaint for lack of personal jurisdiction because the plaintiff could not show that constitutional due process was satisfied. It

15

made this determination based on the fact that the defendant had conducted only minimal business in the state, with a single customer and the defendant corporation had not targeted its activities toward Connecticut in particular.  Id. at *5.  For similar reasons, the claims against the Indian Defendants herein should also be dismissed.

## CONCLUSION

WHEREFORE, because the Indian Defendants are not subject to jurisdiction under Connecticut's long-arm statute and the exercise of jurisdiction by this Court over them would offend constitutional due process requirements, this action shall be dismissed as to all four moving parties.

*Respectfully submitted*,
DEFENDANTS MED-PRO HEALTH CARE SERVICES PRIVATE LIMITED, G. JAI BALAJI, N.S. RAJIV KUMAR and K. SIVA KUMAR

By:_____
Charles P. Reed (ct07750)
LOUGHLIN FITZGERALD, P.C.
150 South Main Street
Wallingford, CT 06492
Tel. (203) 265-2035
Fax (203) 269-3487
Email: creed@lflaw.com

Their Attorneys

## CERTIFICATION OF SERVICE

I hereby certify that on September 29, 2009, a true and correct copy of the foregoing Notice of Appearance was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all appearing parties by operation of the Court's electronic filing system, and via United States First Class Mail, postage prepaid, to anyone unable to accept electronic filing. Parties may access this filing through the Court's system:

Michael R. Kaufman, Esq.
Jones, Damia, Kaufman, Borofsky & DePaul, LLC
301 Main Street
P.O. Box 157
Danbury, CT  06813-0157
mkaufman@danburyattorneys.com
(Attorney for Plaintiff Glenwood Systems, LLC)

Keith R. Ainsworth, Esq.
Richard C. Feldman, Esq.
Evans, Feldman & Ainsworth, LLC
261 Bradley Street
P.O. Box 1694
New Haven, CT  06507-1694
krainsworth@snet.net; rcfeldman@snet.net
(Attorneys for Defendant Med-Pro Ideal Solutions, Inc.
and Defendant Venkataraghavantaiya Aravamudhan)

_____
Charles P. Reed